McIntire v. Hussey.

———◆———

EDWARD R. McINTIRE vs. MOSES H. HUSSEY.

During the term, and before the trial of this case, the foreman of the jury, by invitation spent the Sabbath at the defendant's house, when and where the defendant showed to the foreman, and conversed with him about the glass, which was the subject-matter of the suit. While the cause was on trial, the foreman gave to his associates the information he received from the defendant, and described to them the condition of the glass which was not exhibited to them. *Held*, that the verdict, being for the defendant, be set aside.

ON MOTION that the verdict be set aside and a new trial granted, because of the misconduct of the defendant.

ASSUMPSIT on an account annexed, comprising, among other items, one for "1050 ft. 8x10 glass at $7.75 = $81.37." The defendant offered to be defaulted for all of the items except the glass.

The facts sufficiently appear in the opinion.

*G. C. Yeaton*, for the plaintiff.

*N. Hobbs*, for the defendant.

APPLETON, C. J. By R. S., 1857, c. 82, § 75, " If either party, in a cause in which a verdict is returned, shall, during the same time of the court, before or after the trial, give to any of the jurors, who try the cause, anything by way of treat or gratuity, or pur-

posely introduce among the papers in the case, which are delivered to the jury when they retire with the cause, any papers which have any connection with it, but were not offered in evidence, the court, on motion of the adverse party, may set aside the verdict and order a new trial."

The defendant in this case seems to have been singularly oblivious of the provisions of this section, as well as of the principles upon which it is based. During the term, and before the trial, the defendant met the foreman of the jury, before which the cause was subsequently tried, at the depot at North Berwick on Saturday on his return from court, and invited him to spend the sabbath with him, which the foreman did, and remained until the next Monday morning. While there the defendant showed him the glass, which is the subject-matter of this suit, and held conversation with him relative to the same. While the cause was on trial, and before the verdict was rendered, the foreman gave to his associates the information by him received, and described to them the condition of the glass, which had been shown him, but which was not exhibited to the jury.

While a cause is on trial, the parties should hold no conversation with or in the presence of the jurymen, before whom the cause may be tried. Still less should they extend to them special courtesies, or furnish them in advance with *ex-parte* proofs. Were there no statute on the subject, the conduct of the defendant is such as imperatively requires the verdict to be set aside. In *Cottle* v. *Cottle*, 6 Green, 142, when the prevailing party, in a cause tried by a jury, previous to the trial, but during the same term, conveyed one of the jurors several miles, in his own sleigh, to the house of a friend where he was hospitably entertained for the night; the verdict was, for this reason, set aside. Any tampering with a juryman by a party, during the trial or prior to it, is a good cause for setting it aside. *Tucker* v. *South Kingston*, 5 R. I. 528. In *Heffron* v. *Gallupe*, 55 Maine, 563, a new trial was granted because the defendant gave a juryman the printed evidence of a former trial. Much more should it be granted, when real evidence, concerning

the subject-matter of the dispute, is shown by a party to one jury-man in the absence of his fellows and of the parties, and conversation is had with him in relation to its value, &c., and their verdict is, or may be, influenced thereby. *Motion sustained.*

*New trial granted.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.